# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CAROL A. HOBSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:13-CV-54 |
| | ) |
| TRANS UNION, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a revised proposed Protective Agreement and Order submitted by the parties for the Court's approval pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 72.) As the proposed order is still deficient in one material respect, it will be DENIED.

The proposed order still does not define "Confidential Information," and simply allows any party to designate material as confidential. The proposed order provides: "Any party or non-party producing or filing documents or other materials in this action containing confidential information may designate such materials and the information contained therein subject to this Protective Agreement and Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." (Proposed Protective Agreement and Order ¶ 1.)

As previously explained, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports,*

*Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Although the recitals of the proposed order refer to Defendant's "trade secrets, confidential research, development, technology and other proprietary information of value"; Defendant's documents that "contain business, financial, and commercially sensitive information"; and Plaintiff's "income, credit and other confidential information," the order fails to adequately flesh out these topics in properly demarcated categories of "Confidential Information" in the body of the order. *See Cincinnati Insurance*, 178 F.3d at 945 ("The order is so loose that it amounts, as we suggested at the outset, to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid."). And in any event, categories such as "confidential research," "other proprietary information," "business, financial, and commercially sensitive information," and "other confidential information" are overly broad and vague. *See id.* at 946 ("There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets . . . .").

For this reason, the Court DENIES approval of the revised proposed Protective Agreement and Order submitted by the parties. (Docket # 72.) The parties may, however, file a motion requesting the Court's approval of a revised protective order that cures the identified

2

deficiency and is consistent with the requirements of Federal Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 6th day of February, 2014.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge